**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

CLARISSA RIGGINS,

        Plaintiff,

    v.                                   Civil No. 04-3575 (RBK)

MILLVILLE BOARD OF EDUCATION,

        Defendant.

**O P I N I O N**

Presently before the Court in this action to recover expert fees under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415 ("IDEA"), is a motion for summary judgment filed by Plaintiff, Clarissa Riggins. For the reasons set forth below, the Court will deny Plaintiff's motion.

**I. INTRODUCTION**

Plaintiff is the mother of blind and disabled twins, C.O. and A.O.. After several unsuccessful attempts to have the Millville Board of Education ("school board") place her children in an appropriate special education environment, Plaintiff hired two educational consultants–Maura Collingsru and Marilyn Arons–to assist in traversing the administrative process.

Starting in May of 2003, Collinsgru served as a "non-attorney

representative" for Plaintiff over the course of sixteen months. In this capacity, Collinsgru corresponded with members of the school board on behalf of Plaintiff, assessed the twins' educational abilities, and prepared for and attended administrative hearings.

Pursuant to their contract, Collinsgru has billed Plaintiff in the amount of $25,630. This amount reflects charges for 162.49 hours at a rate of $150 per hour, plus $1,256.50 in expenses. In specific, Collinsgru's bill includes time preparing for and attending Independent Educational Plan ("IEP") meetings; phone conversations with the school board's attorney; "case research;" emergent relief filing preparation; negotiations with the school board; letters to judges and the attorney for the school board; phone consultations with Plaintiff; preparation of summary judgment papers; case research and preparation; and expenses related to travel and materials. Plaintiff asserts that Collinsgru's rate is reasonable for two reasons: (1) in a prior proceeding, a different school board agreed to pay her fees, and (2) all of her non-pro bono clients pay $150 per hour.

Plaintiff retained the services of Marilyn Arons to aid in the development of educational programs for the twins. Arons has billed Plaintiff in the amount of $6,327.40, reflecting $4,200 attributable to work on behalf of C.O. and $2,100 attributable to work on behalf of A.O.–plus $27.40 in costs.[1] The total amount sought includes time billed for

---

[1] The affidavit of Arons does not actually provide the number of hours billed; but given her rate of $200 per hour, it appears she spent twenty-one hours on C.O.'s program and ten and

consulting, visiting the children's school and alternative schools, preparing a certification, and writing a report containing educational recommendations for the twins. Plaintiff asserts that Arons's rate is reasonable based on a prior proceeding in the Second Circuit, wherein that court approved her rate of $200 per hour for her services as a lay advocate.

In June of 2004, the Office of Administrative Law ordered the school board to place A.O., with an amended education plan, at the Maryland School for the Blind. In July of 2004, Defendant agreed to place both C.O. and A.O. at the Maryland School for the Blind.

Plaintiff now moves for summary judgment on her complaint seeking reimbursement of fees as provided for by the IDEA. Plaintiff's total request is $31,957.46, reflecting reimbursement for the fees and expenses of Arons and Collinsgru. The school board does not contest that Plaintiff is the prevailing party, but it does contest forty of the hours for Collinsgru's bill as well as the hourly rates charged by both Collinsgru and Arons.

## II. SUMMARY JUDGMENT

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

---

one half hours on A.O.'s program.

judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding whether there is a disputed issue of material fact, a court must view the facts and all reasonable inferences in a light most favorable to the nonmoving party. Id. at 250; Anderson v. Consol. Rail Corp., 297 F.3d 242, 247 (3d Cir. 2002).

The moving party always "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the nonmoving party bears the burden of persuasion at trial, however, "the burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." Id. at 325. The non-moving party "may not rest upon the mere allegations or denials of" its pleadings and must present more than just "bare assertions, conclusory allegations or suspicions" to establish the existence of a genuine issue of material of fact. FED. R. CIV. P. 56(e); Jalil v. Avdel Corp., 873 F.2d 701, 707 (3d Cir. 1989) (citation omitted). "A party's failure to make a showing that is 'sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial' mandates the entry of summary judgment." Watson v. Eastman Kodak Co., 235 F.3d 851, 857 (3d Cir. 2000) (quoting Celotex, 477 U.S. at 322).

III. DISCUSSION

Plaintiff has failed to establish her entitlement to summary judgment because she has failed to demonstrate that the requested fees for Collinsgru are attributable solely to services that do not constitute the practice of law, has failed to demonstrate that the services of Arons were essential to obtaining relief, and has failed to demonstrate that the fee for either expert is reasonable.

Under the IDEA, a prevailing plaintiff may recover both attorney's fees and costs related to the litigation.  To recover costs related to experts, the plaintiff must show that (1) the expert's services were essential to the proceeding and to obtaining the relief gained, (2) the fees for services are recoverable under the IDEA, and (3) the expert's hourly rate is reasonable.  Field v. Haddonfield Bd. of Educ., 769 F. Supp. 1313, 1323 (D.N.J. 1991) (quoting H.R. Conf. Rep. No. 687, 99th Cong., 2d Sess. 5, reprinted in, 1986 U.S. Code Cong. & Admin. News 1798, 1808)).  A plaintiff may recover fees for "lay advocates"[2] who perform such services as testifying, consulting, writing reports, advising parents on their educational decisions, and attending hearings.  Arons v. N.J. State Bd. of Educ., 842 F.2d 58, 63 (3d Cir. 1988); see also, B.K. v. Toms River Bd. of Educ., 988 F. Supp. 462, 476 (D.N.J. 1998) (noting that travel, phone calls, postage, and photocopying may also be awarded to a prevailing plaintiff as part of costs under the IDEA).  A prevailing plaintiff is entitled to expert fees only when the expert's services

---

[2] "Lay advocates" are defined as "[non-lawyer] individuals with special knowledge or training with respect to handicapped pupils and their educational needs." Arons, 842 F.2d at 60.

played a significant role in the adjudication in plaintiff's favor. E.M. v. Millville Bd. of Educ., 849 F. Supp. 312, 317-18 (D.N.J. 1994). For instance, an expert's services satisfy this significant role requirement when an administrative official adopts an expert's recommendation at the administrative hearing. P.G. v. Brick Twp. Bd. of Educ., 124 F. Supp. 2d 251, 267 (D.N.J. 2000). A plaintiff may not, however, recoup expert or lay advocate fees for "services that constitute the practice of law." Arons, 842 F.2d at 63.

The Arons opinion dictates that, in determining the appropriate fee for an expert, it is necessary to separate fees attributable to the practice of law and those more appropriately performed by a lay advocate. In Arons, the plaintiff hired a lay advocate to represent her during administrative hearings. Id. The advocate charged the plaintiff for time and expenditures relating to legal research and materials. Id. The court held that, though a lay advocate may charge for expert-related services, such as testifying, consulting, etc., the lay advocate may not charge for services related to legal representation. Id. at 62. The court noted that the lay advocate's hours should be classified as legal or non-legal services and that the lay advocate should be compensated for the non-legal services, despite the "difficulty of trying to allocate between compensable time spent in consultation and noncompensable time spent in legal representation." Id.

After the fees are appropriately categorized, the plaintiff must still show that the expert's fees are reasonable. A reasonable fee is one that prevails in the

community. S.D. v. Manville Bd. of Educ., 989 F. Supp. 649, 656 n.3 (D.N.J. 1998). Both the hourly rate for attorneys and the hourly rate for experts must be established through affidavits by members of the community with skill and experience that is comparable to the expert in question. Id.; but see P.G., 124 F. Supp. 2d at 267 (noting that when the school board against whom the plaintiff sought fees had previously agreed to pay the hourly rate of the expert, the hourly rate was reasonable even absent affidavits from the community); Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ., 402 F.3d 332, 339 (2d Cir. 2003) (upholding an award of expert fees to Marilyn Arons in the amount of $200 per hour, but holding that compensation in future hearings must be based on detailed billing statements).

   Applying the above principles to this case, Plaintiff, to recover the requested fees, must establish that the services on which the fee request is based (1) were essential to her obtaining relief from the school board; (2) are compensable, i.e., based on services for which the expert can be appropriately compensated–not the practice of law; and (3) are reasonable based on community norms. Plaintiff has failed to do so. The Court will address Collingsru before turning to Arons.

  **A.** **Maura Collinsgru**

   The school board does not contest that Plaintiff should be compensated for some of Collinsgru's hours; it merely contests the number of hours and the

reasonableness of the rate charged. The school board asserts that Collinsgru has charged at least forty hours for services constituting legal representation, including time for preparation of pleadings filed in the Office of Administrative Law, preparation for hearings, and the preparation of a summary judgment motion. Finally, the school board asserts that Plaintiff has failed to demonstrate that Collingsgru's rate is reasonable.

Plaintiff contends that Collinsgru provided only consulting services and that because a lawyer could not have described the educational requirements of the twins, Collinsgru's services, by their nature, could not be legal. Furthermore, Plaintiff asserts that none of Collinsgru's billing statements included time in the courtroom or time before the Office of Administrative Law. Finally, Plaintiff rests on the assumption that Collinsgru's statement that another school district agreed to pay her hourly rate is an adequate representation of the prevailing rates in the community. Accordingly, Plaintiff demands reimbursement of $25,630.06 in fees for Collinsgru's services.

Summary judgment will be denied because a genuine issue of material fact exists as to which hours were billed for consulting and which were billed for the rendering of legal services. Plaintiff asserts that preparing petitions for a Due Process Hearing requires the skills of a consultant and not of an attorney but fails to support this position through citation to evidence that explains the process behind each disputed activity. Furthermore, Collinsgru's billing statements contain hours of activities frequently undertaken by attorneys in the practice of law, such as "case preparation,"

8

preparing for summary judgment, etc. Nothing in the attached exhibits or briefs clarifies Plaintiff's position that no hours were billed for acts constituting the practice of law. Therefore, Plaintiff has not established her right to the requested fees.

A genuine issue of material fact also exists over the reasonableness of Collinsgru's rate. Although the school board has not necessarily demonstrated that an hourly rate of $150 is unreasonable for Collinsgru, it is Plaintiff's burden to demonstrate that the fee is reasonable in light of community norms. Thus, Collinsgru's affidavit, which fails to establish community standards for billing but merely notes the willingness of other courts to approve her rate, is unhelpful. Though this Court may use its discretion to award fees in a case where it believes the rate is reasonable on its face, this Court will refuse to do so in light of the dearth of evidence regarding the reasonableness of Collinsgru's rate.

Accordingly, Plaintiff's Motion for Summary Judgment will be denied with respect to the fee for Collinsgru's services because genuine issues of material fact exist regarding (1) which of Ms. Collinsgru's hours can be reimbursed and (2) whether Collinsgru's rate is reasonable in the Millville community.

### B. Marilyn Arons

The school board contends that summary judgment with respect to Arons's fees should be denied because a genuine issue of material fact exists whether Arons's

services played a significant role in the adjudication in Plaintiff's favor. The school board also contests the reasonableness of her rate.

Plaintiff counters that Arons's services were necessary because she performed site visits at the children's school and was "prepared to testify on plaintiff's behalf in a due process hearing." Plaintiff asserts that Arons's testimony "would have been instrumental in proving plaintiff's claims." Plaintiff demands, therefore, reimbursement for $6,327 in fees for Arons's services.

Plaintiff's demand will be denied, for now, because Plaintiff has not demonstrated how Arons's services led to the end-result of having the twins placed in the Maryland School for the Blind. Though it is clear that Arons provided Plaintiff a written and an oral report, it is unclear how these reports were used to gain appropriate placement for the twins. In that way, Plaintiff has not demonstrated that Arons's services were essential to the relief obtained.

Even if Arons's services were necessary to the proceeding, summary judgment is nonetheless unwarranted because a genuine issue of material fact exists with regard to the reasonableness of her rate. Plaintiff fails to demonstrate that the rate of $200 per hour is the prevailing rate in the Millville community. Plaintiff's reliance on the Second Circuit ruling in <u>Murphy</u>, a ruling that approved Arons's fee of $200 per hour, is misplaced because it is not probative of the prevailing rate in the Millville community. Additionally, Arons appears to have taken a more active role in procuring the positive

results for the Murphys than she did for Plaintiff in this case, see generally, Murphy, 402 F.3d at 334-35, and Plaintiff presents no evidence to support the conclusion that the services provided the two families are sufficiently similar to warrant the same billing rate.

Plaintiff's motion for summary judgment will therefore be denied because a genuine issue of material fact exists (1) whether Arons's services played a significant role in the outcome of the case and (2) whether her rate is reasonable in the Millville community.

**IV. CONCLUSION**

For the foregoing reasons, the Court will deny Plaintiff's motion for summary judgment.

s/Robert B. Kugler________

Dated: 08-02-05_ ROBERT B. KUGLER

United States District Judge